IRVING, P.J.,
DISSENTING:
¶24. With respect, I must dissent because I cannot agree with the majority that the evidence supports a finding that Oliver committed armed robbery. While the evidence supports a finding that Oliver committed larceny and maybe an aggravated assault, he was not charged with either of those offenses. But since larceny is a lesser-included offense of armed robbery, I would reverse Oliver’s conviction and sentence, for armed robbery and remand the case to the circuit court for sentencing Oliver for the offense of petit larceny.
¶25. To fully evaluate my contention that the evidence does not support, the conviction of armed robbery, I quote the relevant testimony of the victim; Christian Rone:
So I was on my way back from school from tutoring on a Saturday morning, and I was riding my skateboard down the sidewalk of Rasco Road, and while I was passing by, I saw John Oliver in his Dodge Intrepid passing- by with someone else, and when I passed by he hooked [sic] at me, and I looked at him. I made eye contact, but I didn’t have any like relevance of it, and when I kept going, I saw him turn around out of my — like out of my peripheral vision, *448 and I didn’t think anything of it at the moment.
So I kept on skateboarding, and the next thing I know, I see him on the right side of me, and he’s pulling by saying, “Hey Christian. Hey.” So I kind of looked over and waved at him and said hey,, and he pulled in front of me. So I was like he must want something. So I pulled over there and asked him what he wanted, and he like, “Can I use your phone for a second?’ I was like,' “Yeah, you can use my phone.”
And he used my phone for a second, pushed a few buttons, and then he said, I’m going to keep the phone.” I was like, “No you’re going to give me my phone back, John.” And he was like, “No, I’m going to keep your phone.” I was like, “No, give me my phone back now.” He was like, “Who do you think you’re talking to?”
So he takes his right hand and grabs under the seat and pulls out a gunj and he points it at me, just kind of gesturing me like saying, no, I’m going to keep the phone. And I was like, “No John, give me my phone back now.” And he’s like, “No, I don’t think you know who you’re talking to,”
So he cocks the gun and points it at me more like under my neck, and so he kind of — it kind of shocked me at the moment when he did that. So I was more relevant of like [sic], “Now, come on man. I .just want my phone back. I just want my phone. That’s all I want and this can be over with.” He was like, “No, I think I’m going to keep my phone.” And when he said, that, he started the car up, and he was about to pull off. >
When-he did that, I kind of grabbed onto the side:of the car and I tried to hold on, kind of. like a last effort movement to try to, you know, tell him you can just give me my phone back and this could be all over, and he drove off, and when he did, he tried to pry my hands off the window while he-was driving with one hand, and since he couldn’t do that, he just like pushed the car over into a gutter, and he threw me off my skateboard and he drove off.
¶ 26. Mississippi Code Annotated section 97-3-79 (Rev. 2014) defines armed robbery:
Every person who shall feloniously take or .attempt to take from the person or from the presence the personal property of another and against his will- by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery.
It is clear from Rone’s testimony that Oliver did not take the cell phone from him or from his presence by violence to his person or by putting him in fear of immediate injury to his person by the exhibition of the gun. Rather, the cell phone was taken by deceit or artifice, as Rohe voluntarily relinquished his phone to Oliver.
¶27. Apparently, the majority reasons that the phone was not taken from Rone until Oliver displayed, the gun. The word “take” is not a word of art. The American Heritage College Dictionary, Third Edition, gives the following meaning, among others, for the word “take”: “To get into one’s possession by force, skill, or artifice.” It cannot be legitimately _argued, based on the general and ordinary meaning of the word ‘.‘take,” that Oliver had not taken the cell, phone from Rone prior to Oliver displaying the gun. It is clear that the display of the gun played no part in the taking of the cell phone. It is also equally clear— even though -the gun played no role in the taking of the cell phone — that Rone was *449 not placed in any fear or apprehension as a result of the display of the gun. That is demonstrated by his grabbing and clinging on to Oliver’s car after Oliver had pointed a cocked gun at him.
¶28. For the foregoing reasons, I dissent.